The Honorable Jerry Bookout State Senator State Capitol, Room 315 Little Rock, AR 72201
Dear Senator Bookout:
This is in response to your request for an opinion on the following question:
 Can permits issued by the Arkansas Department of Pollution Control and Ecology to facilities planning to incinerate medical waste which have not yet been constructed or begun operation be suspended?
It is our understanding that the Department of Pollution Control and Ecology currently issues permits for medical waste incinerators solely under the Arkansas Water and Air Pollution Control Act, A.C.A. §§ 8-4-101 to -313 (Repl. 1991). This opinion does not address the adequacy of the Department's permitting process for such incinerators, as that issue is currently in litigation.[1] Rather, the opinion addresses your question within the confines of the permitting process currently utilized by the Department.
The Water and Air Pollution Control Act and the regulations promulgated thereunder require a permit to be obtained from the Department prior to the construction or operation of equipment capable of emitting air contaminants. See A.C.A. § 8-4-310(a) (1987); Section 3(b), Arkansas Air Pollution Control Code
(1973); and Section 4(a), Regulations of the Arkansas Plan ofImplementation for Air Pollution Control (1988). Following the Department's tentative approval or disapproval of an application for a permit, notice of the proposed action shall be given and the public shall have a thirty day period in which to comment on the Department's tentative approval or disapproval of the application. See Section 4(d), Regulations of the ArkansasPlan, supra. Following the public comment period and any response thereto by the applicant, the Department shall take final action on the application. The Department's final decision may be appealed to the Commission by the permit applicant, anyone submitting written comment during the public comment period, and anyone otherwise entitled by law to contest the decision. See
Regulation 8, Part III, Section 4(a), Arkansas Department of Pollution Control and Ecology (1984).
You state in your opinion request that the Department has recently issued four permits for medical waste incinerators without public input. The only public input required by the Arkansas Water and Air Pollution Control Act and the regulations promulgated thereunder is the notice and public comment period described above. If the Department does not provide the required notice and opportunity for public comment prior to final approval of a permit application, it is my opinion that the permit could be suspended by the Pollution Control and Ecology Commission, which is authorized to enforce all laws and regulations relating to pollution of the air. See A.C.A. §§ 8-4-311(7) and (13) (Repl. 1991); A.C.A. § 8-4-307 (Repl. 1991); Regulation 8, Part V, Section 9, supra.
Even if the Department has complied with its own procedures in issuing a permit, there appear to be other potential bases for suspension of the permit. The Department may revoke a permit for failure to comply fully with the terms of the permit or for other cause. See Section 4(a), Regulations of the Arkansas Plan,supra; and Regulation 8, Part III, Section 3(d), supra.
Similarly, the Pollution Control and Ecology Commission may suspend a permit for cause under A.C.A. § 8-4-204 (Repl. 1991), which includes but is not limited to:
 (1) Violation of any condition of the permit;
 (2) Obtaining a permit by misrepresentation or failure to disclose fully all relevant facts; or
 (3) Change in any condition that requires either a temporary or permanent reduction or elimination of the permitted discharge.
In addition, the Commission has general authority to revoke, modify, or deny permits under conditions as it may prescribe, to prevent, control, or abate pollution. See A.C.A. § 8-4-203
(Repl. 1991). Likewise, the Commission has the authority to revoke or modify any permit or deny any permit when it is necessary, in its opinion, to prevent, control, or abate air pollution. See A.C.A. § 8-4-311(15)(A) (Repl. 1991). In my opinion, the latter two provisions could be construed to authorize the Commission to suspend a permit issued by the Department, if the Commission determines that suspension of the permit is necessary to prevent, control, or abate air pollution.[2] The Commission could presumably take such action through the appeal process described above or under the self-initiated review process authorized in Section 1 of Act 1230 of 1991, to be codified as A.C.A. § 8-1-203(b)(8), and in Regulation 8, Part III, Section 8, supra.
Finally, a successful private action, such as a suit to enjoin a nuisance, might lead to suspension of a permit issued by the Department. See A.C.A. § 8-4-306(c) (Repl. 1991); A.C.A. §8-4-202, compiler's notes (Repl. 1991). While the common law doctrine of nuisance might provide a theory of relief, any determination of such a claim would be fact specific. See,e.g., Milligan v. General Oil Co., 293 Ark. 401,738 S.W.2d 404 (1987); Miniat v. McGinnis, 26 Ark. App. 157,762 S.W.2d 390 (1988).
Of course, any suspension of a permit that has already been issued must take into consideration the due process rights of the permittees. In this regard, it should be noted that the Department is required to give notice prior to revoking a permit for cause or for failure to comply with the terms of the permit and that any revocation by the Department is appealable to the Commission. See Section 4(a), Regulations, supra. Seealso Regulation 8, Part III, Section 3(d), incorporating the procedure under Regulation 8, Part V, supra. Likewise, prior to any revocation or modification of a permit by the Commission, there must be notice and the opportunity for a hearing. See
A.C.A. § 8-4-205 (Repl. 1991); A.C.A. §§ 8-4-218 to -221 (Repl. 1991). Additionally, the Commission's decision to revoke or modify a permit may be appealed to circuit court. See A.C.A. §§8-4-222 to -229 (Repl. 1991).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
cc: The Honorable Walker Day
[1] There apparently has been some suggestion of a connection between your opinion request and the pending lawsuit. As I'm sure you are aware, however, your request does not present the specific issues raised in the suit. We are therefore able to address your general question in this opinion.
[2] It should be noted that Act 1230 of 1991 attempts to clarify the delineation of responsibility between the Department of Pollution Control and Ecology and the Commission on Pollution Control and Ecology. Nevertheless, Section 4 of Act 1230 specifically states that the Act's provisions shall be in addition to and supplemental to all other laws of Arkansas and rules, regulations, or policies of the Commission now in effect. The Act provides that it shall repeal only such laws or parts thereof that are specifically in conflict therewith. Finding no such conflict between the provisions of Act 1230 and the above provisions concerning the Commission's authority to revoke or modify permits granted by the Department, it is my opinion that Act 1230 does not remove these powers from the Commission.